# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 26, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | * | |
| TIFFANY CURRY, *as parent and natural guardian of infant, J.B.,* | * | No. 20-2057V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | * | |

*Bruce W. Slane*, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.
*Austin J. Egan*, U.S. Department of Justice, Washington, DC, for Respondent.

## DISMISSAL[1]

On December 30, 2020, Tiffany Curry ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that her child, J.B., suffered from various injuries including a right frontal intraparenchymal hemorrhage secondary to a ruptured arteriovenous malformation, facial droop, extremity paralysis, brain compression, intracranial hypertension, encephalomalacia, subglottic stenosis, dysphasia, aphasia, and significant aggravation of arteriovenous malformation due to a measles, mumps, and rubella ("MMR") and/or a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine administered on January 3, 2018. Pet. at 1, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 29, 2022, I issued an Order directing Petitioner to submit an expert report. Scheduling Order, ECF No. 30. On May 24, 2023, Petitioner filed a motion for a decision dismissing her petition. ECF No. 35. In her motion, Petitioner stated that "based upon the Special Master's December 29, 2022 Order, Petitioner understands that it would be unlikely that she[] . . . will be able to establish entitlement in the Vaccine Program under its guidelines." *Id.* ¶ 1. She continued, "[i]n these circumstances, it would be unreasonable to proceed any further, and may waste the resources of the Court, the [r]espondent and the Vaccine Program." *Id.* ¶ 2. Respondent consented to Petitioner's motion. *Id.* ¶ 7.

To receive compensation under the Program, Petitioner must prove either (1) that J.B. suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that J.B. suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover evidence that J.B. suffered a "Table Injury." Further, the record does not contain persuasive evidence that J.B.'s alleged injuries were caused by the MMR and/or Tdap vaccines.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and at this time, Petitioner has not filed a supportive opinion on causation from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.